UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAYMOND EDWARD GILL,

      Petitioner,

v.                                             Case No. 5:04-cv-329-Oc-10GRJ

UNITED STATES OF AMERICA,

      Respondent.

## ORDER OF DISMISSAL

This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging a 2002 guilty-plea conviction and sentence for bank robbery imposed in the United States District Court for the District of Maryland.

In the Petition, the Petitioner attacks the validity of his sentence rather than the means of execution. Petitioner has attempted to challenge this conviction and sentence at least twice previously in this Court by way of § 2241. See Gill v. McKelvy, Middle District of Florida case number 5:03-cv-133-Oc-10GRJ; Gill v. McKelvy, Middle District of Florida case number 5:04-cv-135-Oc-10GRJ. Thus, the instant Petition is successive.[1] Even if the instant Petition were not successive,

---

[1] See Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990) (previously adjudicated issues are barred by the successive writ rule and the abuse of the writ doctrine).

Petitioner would not be entitled to relief on his claims, which are based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005). It is the law of this circuit that an <u>Apprendi</u> - <u>Blakely</u> - <u>Booker</u> claim is unavailable retroactively to cases pending on collateral review.[2]

The Petition is **DISMISSED** as successive. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

UNITED STATES DISTRICT JUDGE

c: Raymond Edward Gill
   Counsel of Record

---

[2] See <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005); <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999).